IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DARRYL WALL, | § |
| | § |
| Plaintiff, | § |
| -v- | § |
| | § |
| STAR DISPLAYS, INC. | § |
| | § |
| Defendant. | § |

**COMPLAINT AT LAW and JURY DEMAND**

NATURE OF THE ACTION

1. This is an action for money damages by Plaintiff, DARRYL WALL, by and through his attorneys of record, LAW OFFICES OF MICHAEL S HEDRICK LLC, against his former employer, its employees, agents, successors and assigns (hereafter collectively referred to as the Defendant). Plaintiff's Complaint asserts herein that Defendant, acting through its agents and employees, subjected Plaintiff to disability discrimination in the form of disparate treatment and harassment, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq. and retaliatory discharge under the Illinois Workers' Compensation Act.

2. Plaintiff demands trial by jury.

3. At all relevant times, public policy in the State of Illinois prohibited any employer from discharging an employee in retaliation for the employee exercising his protected rights under the Illinois Workers' Compensation Act as set forth:

1

"It shall be unlawful for any employer, individually or through any insurance company or service adjustment company, to discharge or to threaten discharge, or to refuse to rehire or recall to active service in a suitable capacity an employee because of the exercise of his or her rights or remedies granted to him or her by this Act." *820 ILCS 305/4(h)*.

## STATEMENT OF FACTS

4. Defendant employed the plaintiff on a full-time basis as a carpenter and supervisor of other carpenters from May 1, 2000 and until January 2012.

5. At all relevant times, plaintiff discharged his duties satisfactorily.

6. At no time did plaintiff ever violate any employment policy of the defendant or otherwise do anything to put his employment in jeopardy.

7. In August 2010, the plaintiff sustained a knee injury in the course of his employment.

8. Plaintiff made a workers' compensation claim and sought medical treatment for said injury, including surgery to repair his knee.

9. Upon plaintiff's return to work after said surgery, defendant then began a pattern of discrimination and retaliation against plaintiff by failing to return him to his usual and customary working hours.

10. At all relevant times after his knee surgery, plaintiff was ready, willing and able to perform all essential tasks of his duties as he had been doing for the previous ten

(10) years.

11. Defendant constructively terminated plaintiff's employment in January 2012 by extending only 8 hours of employment in that month and no hours of employment thereafter.

12. Plaintiff contacted the defendant on numerous occasions attempting to return to work.

13. On August 16, 2012 plaintiff made a claim in the Equal Employment Opportunity Commission (EEOC) against the defendant for disability discrimination under the Americans with Disabilities Act of 1990, as amended.

14. On January 12, 2013 plaintiff received a letter from the EEOC notifying plaintiff of his right to bring this suit.

## LEGAL CLAIMS

15. Plaintiff incorporates Paragraphs 1 through 13 above as though specifically set forth herein as causes of action, and plaintiff further states that defendant's actions and conduct described above constitute:

a. Unlawful discrimination on the basis of disability in violation of the ADA, 42 U.S.C. § 12101 et. seq. (harassment and disparate treatment due to plaintiff's disability).

b. Retaliatory discharge for plaintiff exercising his rights under the Illinois Workers' Compensation Act.

## PRAYER FOR RELIEF

WHEREFORE, in consideration of the foregoing, Plaintiff prays for a jury trial on the matters set forth above, and upon verdict prays the court issue a judgment:

1. Finding that Defendant's actions constitute unlawful discrimination in violation of the statutes cited herein

2. Awarding Plaintiff front pay and benefits in an amount to be determined at trial.

3. Awarding Plaintiff actual and compensatory damages (including damages for emotional distress and pain and suffering) in an amount to be determined at trial.

4. Awarding Plaintiff punitive damages in an amount to be determined at trial.

5. Awarding Plaintiff prejudgment interest.

6. For Attorneys fees.

7. For Costs of suit.

8. Awarding Plaintiff such other and further relief as the court deems just and proper.

Respectfully submitted,
THE LAW OFFICES OF MICHAEL S. HEDRICK, LLC

Michael S. Hedrick, Esq.

LAW OFFICES OF MICHAEL S. HEDRICK, LLC.
Attorneys for Plaintiff
111 West Washington Street, Suite 917
Chicago, Illinois 60602
(312)731-4807
Attorney 6273933