IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **Darryl Wall,** | ) | |
| Plaintiff, | ) | Case No: 13 C 1863 |
| | ) | |
| v. | ) | |
| | ) | **Judge Ronald A. Guzmán** |
| | ) | |
| **Star Incorporated f/k/a Star Displays Inc.,** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

For the reasons stated below, the Court grants Star's motion for reconsideration [76]. The Court's order of June 9, 2014 [75] is amended as follows: The first paragraph of the Court's order, the section declining to exercise jurisdiction over the state law claim and dismissing the claim without prejudice, as well as the Conclusion, are stricken and the following language is added: "For the reasons stated in the Court's order dated September 9, 2014, the Court, in its discretion, chooses to exercise jurisdiction over the state law retaliation claim. Star's motion for summary judgment [52] is granted as to all claims and Wall's motion for summary judgment [61] is denied as to all claims. The Court need not consider Star's motion to strike certain affidavits [65] because even considering the affidavits, Wall is not entitled to summary judgment and has failed to successfully oppose Star's motion for summary judgment. Civil case terminated."

## STATEMENT

On June 9, 2014, this Court entered an order granting Star Incorporated's ("Star") motion for summary judgment on Darryl Wall's ("Wall") claim under the Americans with Disabilities Act ("ADA") and declined to exercise jurisdiction over Wall's state law claim for workers'

compensation retaliatory discharge under Illinois law, dismissing it without prejudice. Star now moves for reconsideration under Federal Rule of Civil Procedure 59 on the ground that the Court erred by not considering the exceptions to the general presumption that the district court relinquishes jurisdiction over any remaining state law claims after disposing of the federal claims. *Cortezano v. Salin Bank & Trust Co.*, 680 F.3d 936, 941 (7th Cir. 2012) ("Generally, when a court has dismissed all the federal claims in a lawsuit before trial, it should relinquish jurisdiction over supplemental state law claims rather than resolve them on the merits."); *see also Taflinger v. U.S. Swimming, Inc.*, 435 Fed. Appx. 559, 562 (7th Cir. 2011) ("Before deciding [whether to exercise supplemental jurisdiction over the state law claims], the district court must make 'a considered determination' as to whether it should hear the state claims.") (citation omitted). Because the Court did not make a "considered determination" at the time it dismissed the state law claim, it does so now.

The Seventh Circuit has "recognized that the interest in judicial economy compels a court to retain jurisdiction over state claims when substantial resources already have been committed to deciding them, or when there is no doubt about how those claims should be decided." *Taflinger*, 435 Fed. Appx. at 562. Here, the parties spent a year completing fact and expert discovery as to both of Wall's claims prior to filing summary judgment motions. Upon further review, the Court determines that the record as established by the parties demonstrates that there is no doubt as to how Wall's workers' compensation retaliation claim should be decided.

Although the Illinois Workers' Compensation Act, 820 Ill. Comp. Stat. 305, "itself does not recognize a cause of action for employees who are fired in retaliation for exercising their rights under the statute, Illinois courts have recognized an implied private action, to ensure that

the sound public policy underlying the [Act] c[an]not be frustrated by the actions of an employer." *Crosby v. Cooper B–Line, Inc*., 725 F.3d 795, 801 (7th Cir. 2013) (internal quotation marks and citation omitted). Even assuming that Wall was terminated, and not constructively discharged,[1] he points to no evidence whatsoever that his filing of a workers' compensation claim after injuring his knee was the cause, whether entirely or in part, of his termination. As with his ADA claim, Wall appears to rely solely on the fact that John Holtz, the decisionmaker, scheduled him for work less often after Wall injured his knee. But, as the Court stated with respect to Wall's ADA claim, "the fact that Wall was asked to work on fewer job[s] in 2011 and 2012 does not 'point directly' to disability discrimination, particularly in light of Star's explanation that it was using salaried rather than union labor in order to save money." (6/9/14 Order, Dkt. # 73, at 9.) Similarly, Wall points to no evidence that his filing of a workers' compensation claim was in any way related to his purported termination. Wall conclusorily states in his affidavit that "Star terminates everyone who gets injured on the job pretty much the same way." (Wall Aff., Dkt. # 61, ¶ 13.) But Wall fails to provide any facts surrounding "everyone" else's terminations or even state that they filed workers' compensation claims after being injured. Finally, Wall intertwines his workers' compensation retaliation claim with his ADA claim, stating that "the evidence plaintiff has presented to the court clearly suggests that the 'why' [of his termination] had something to do with plaintiff's disability, real or perceived, that is 'because' of the work[ers] comp[ensation] claim." (Pl.'s Cross-Mot. Summ. J., Dkt. # 61, at 11-12.) Under this theory, because the Court granted summary judgment on the ADA claim,

---

[1] Star argued in its summary judgment motion that Illinois does no recognize a cause of action for retaliatory constructive discharge; however, the Court need not address the issue for purposes of resolving the instant motion.

judgment in Star's favor is also appropriate on the workers' compensation retaliation claim.

For the reasons stated above, the Court grants Star's motion for reconsideration [76]. The Court's order of June 9, 2014 [75] is amended as follows: The first paragraph of the Court's order, the section declining to exercise jurisdiction over the state law claim and dismissing the claim without prejudice, as well as the Conclusion, are stricken and the following language is added: "For the reasons stated in the Court's order dated September 9, 2014, the Court, in its discretion, chooses to exercise jurisdiction over the state law retaliation claim. Star's motion for summary judgment [52] is granted as to all claims and Wall's motion for summary judgment [61] is denied as to all claims. The Court need not consider Star's motion to strike certain affidavits [65] because even considering the affidavits, Wall is not entitled to summary judgment and has failed to successfully oppose Star's motion for summary judgment. Civil case terminated."

**Date**: September 9, 2014

_____
**Ronald A. Guzmán**
**United States District Judge**